Filed 10/20/14  P. v. Banks CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RICKEY ALLEN BANKS,<br><br>        Defendant and Appellant. | C075354<br><br>(Super. Ct. No. 12F06380) |

This case comes to us pursuant to the provisions of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which requires us to review the entire record on appeal to determine whether there are any issues that arguably might benefit defendant Rickey Allen Banks.

We provide the following description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

In 2012, the 14-year-old daughter of defendant's live-in girlfriend reported that defendant repeatedly raped her, starting when she was 11 years old. The minor victim also was pregnant; she believed the child was her boyfriend's but testing revealed the child to be defendant's. The victim terminated her pregnancy.

Defendant was arrested and charged with continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a)),[1] rape (§ 261, subd. (a)(2)), unlawful sexual intercourse with a person under the age of 16 resulting in the infliction of great bodily injury (§§ 261.5, subd. (d), 12022.7, subd. (a)), and two counts of committing lewd and lascivious acts on a child of 14 to 15 years by a person at least 10 years older (§ 288, subd. (c)(1)). The People further alleged defendant was previously convicted of a strike offense. (§§ 667, subds. (b)-(d), 1170.12.)

Defendant pleaded no contest to continuous sexual abuse of a child (§ 288.5, subd. (a)) and admitted he was previously convicted of second degree robbery with use of a firearm (§§ 211, 12022.5), a strike offense. In exchange for his plea, the People agreed to a stipulated state prison term of 12 years. The People also agreed they would move to dismiss the remaining charges.

The trial court sentenced defendant in accordance with his plea agreement. The court also awarded defendant a total of 447 days of presentence custody credit and ordered him to pay various fines and fees. Defendant appeals; his request for a certificate of probable cause was denied.

Appointed counsel for defendant has filed an opening brief and declares that she has read the entire record on appeal and has written to defendant informing him of her intent to file a *Wende* brief. Counsel states she has sent defendant the record on appeal and a copy of the *Wende* brief, and informed him of his right to file a supplemental brief

---

[1] Undesignated statutory references are to the Penal Code.

within 30 days.  Defendant made two requests for extensions of time to file a supplemental brief.  Defendant was granted extensions to July 24, 2014.  More than 30 days have elapsed since the July due date and we have received no further communication from defendant.  Counsel requests that, pursuant to *Wende, supra*, 25 Cal.3d 436, we review the appellate record to determine if there are any arguable issues that might benefit defendant.

We have thoroughly reviewed the entire record on appeal and have found no arguable issues that might result in a more favorable disposition to defendant.

## DISPOSITION

The judgment is affirmed.


                                             BUTZ            , J.


We concur:


     BLEASE          , Acting P. J.


       MAURO          , J.